IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Civ. Action No. 3:15-MC-10-DJH |
| NEW MARKETS GROWTH FUND, LLC | ) |
| Defendant | ) |

**COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF
AND MONEY JUDGMENT**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 363 and 364; and 15 U.S.C. §§ 689l and 689m, and 28 U.S.C. § 1345.

3. Defendant, New Markets Growth Fund, LLC (hereinafter, "NMGF" or "Defendant") is a Delaware limited liability company that was designated with final

approval by SBA as a New Markets Venture Capital Company (hereinafter "NMVCC") on or about August 15, 2002. NMGF was assigned NMVCC number 03/83-0001. NMGF maintains its principal office and/or principal place of business at 8161 Maple Lawn Boulevard, Fulton, Maryland, 20759. Venue is therefore proper under Section 363 of the Act, 15 U.S.C. § 689, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. The purposes of the Act and the New Markets Venture Capital Program are to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C.§ 661. And to further economic development and the creation of wealth and job opportunities in low-income geographic areas and among individuals living in such areas by encouraging developmental venture capital investments in smaller enterprises primarily located in such areas. 15 U.S.C. §689a.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of NMVCCs. SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 108 (hereinafter, the "Regulations").

6. NMGF is a limited liability company organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act and Regulations. SBA enters into participation agreements with NMVCCs and provides financing for them to accomplish the purposes of the Act.

7. SBA is authorized to provide Leverage to NMVCCs through the guarantee

of debentures (hereinafter, "Debentures") issued by NMVCCs. 15 U.S.C.§ 689d.

8. Leverage provided to an NMVCC in the form of Debentures is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§108.1810-1840. Section 108.1830 of the Regulations states that a Licensee has a condition of capital impairment if it capital impairment percentage exceeds 70% percent.

9. If an NMVCC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. §689m.

10. Section 363 of the Act and Section 108.1810(g)(ii) provide that if SBA determines that an NMVCC has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such NMVCC has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such NMVCC. 15 U.S.C. § 689l.

### STATEMENT OF FACTS

11. NMGF was approved and designated by SBA as an NMVCC and entered into a participation agreement with SBA signed on August 15, 2002. NMGF was assigned NMVCC number 03/83-0001, solely to do business under the provisions of the Act and regulations promulgated thereunder.

12. NMGF Management Company, LLC is the Manager of NMGF.

13. NMGF's Operating Agreement, submitted to SBA by NMGF, expressly

3

provides that NMGF is being organized solely for the purpose of operating as an NMVCC under the Act and that the operations of the partnership and the actions taken by the partnership and the partners shall be conducted in compliance with the Act.

14. In accordance with Section 355 of the Act, 15 U.S.C. §689d, SBA provided Leverage to NMGF through the guarantee of Debentures with a face value totaling $13,670,000.00.

15. Compliance with the terms of the Leverage provided by SBA required that NMGF not have a condition of Capital Impairment, as that term is defined under the Regulations, 13 C.F.R. § 108.1830, which provides that an NMVCC such as NMGF has a condition of Capital Impairment if its Capital Impairment percentage exceeds seventy percent (70%).

16. SBA determined that NMGF had a condition of Capital Impairment as its Capital Impairment percentage exceeded 70%. By letter dated May 1, 2012, (the "Notice of Violation"), SBA informed NMGF that it had a condition of Capital Impairment in violation of 13 C.F.R. §108.1830 of the Regulations, and pursuant to Section 108.1810(f)(5) of the Regulations, was in default with an opportunity to cure its impairment within 15 days of the date of that letter.

17. NMGF failed to cure its condition of Capital Impairment in a violation of the Regulations, 13 C.F.R. §§108.1830 and 108.1810(f)(5), which condition has been acknowledged by NMGF.

18. NMGF's condition of Capital Impairment constitutes non-compliance with the terms of its Leverage under 13 C.F.R. §108.1830(a) and is a violation of and an event of default under the Regulations, 13 C.F.R. §108.1810(f)(5). These continuing

4

violations of the Regulations and Act entitle SBA to the remedies thereunder.

19. Section 364(b) of the Act, 15 U.S.C. §689m, provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of an NMVCC may be forfeited and the NMVCC may be declared dissolved.

20. Section 363 of the Act, 15 U.S.C. § 689l, provides that, whenever in the judgment of SBA, an NMVCC, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation under this Act, or of any order issued under the Act, then SBA may make application to the proper district court of the United States or a United State Court of any place subject to the jurisdiction of the United States for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order, and such courts shall have jurisdiction of such actions, and upon a showing that such NMVCC or other person has engaged or is about to engage in such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. The Court may also appoint SBA to act as receiver for such NMVCC.

## COUNT ONE

### Violation of SBA Regulations
### Capital Impairment
### 13 C.F.R. §§ 108.1830(b) and 108.1818(f)(5)

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. NMGF has an uncured condition of Capital Impairment as that term is defined under the Regulations, 13 C.F.R. § 108.1830(b), which provides that an NMVCC

such as Defendant has a condition of Capital Impairment if its Capital Impairment percentage exceeds seventy percent (70%).

23. SBA has determined, and NMGF does not dispute, that its Capital Impairment is in excess of 70%.

24. SBA has determined that NMGF is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

25. NMGF has failed to cure its Capital Impairment and SBA has determined that NMGF is in violation and default of the Regulations, 13 C.F.R. §108.1810(f)(5).

26. As a consequence of NMGF's continuing violation of the Regulations, SBA is entitled to the injunctive relief provided under the Act, including the appointment of SBA as Receiver of NMGF, and NMGF has signed a consent judgment and order agreeing to the relief requested by SBA.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining NMGF, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of NMGF's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of NMGF, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determines and adjudicates NMGF's noncompliance with the requirements of the NMVCC participation agreement and Debentures and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of NMGF, and all of its assets, wherever located and appoint SBA as permanent receiver of NMGF for the purpose of liquidating all of NMGF's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to NMGF, as appropriate.

D. That this Court orders that NMGF shall no longer be able to operate pursuant to the participation agreement with SBA as an NMVCC upon the wind-up and conclusion of the receivership thereof.

E. That this Court grants such other and further relief as may be deemed just and proper.

F. That this Court enter the Consent Judgment in the amount of $14,681,542.25 as of December 31, 2014, consisting of principal in the amount of $13,670,000 plus accrued interest of $1,011,542.25 through December 31, 2014, with a per diem interest rate of $2,085.65 through the date of entry of this Order (as reduced by previous principal and interest payments received by SBA), plus post judgment interest

pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order and Order executed by NMGF agreeing to the requested relief, including the appointment of SBA as Receiver of NMGF.

Respectfully submitted,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

Dated: ___2/ 19 /2015_____    By: ___/s/ Ashley H. Hou_____
                                                          Ashley H. Hou
                                                          Special Assistant United States Attorney
                                                          Bar No. 26928
                                                          10 S. Howard Street, Suite 6220
                                                          Baltimore, MD 21201
                                                          Telephone: (410) 962-2474
                                                          Facsimile: (202) 481-2709
                                                          Email: ashley.hou@sba.gov

U.S. SMALL BUSINESS ADMINISTRATION

Dated: ___2/ 19 /2015_____    By: __/s/ Arlene M. Embrey_____
                                                          Arlene M. Embrey, Esq.
                                                          Trial Attorney
                                                          U.S. Small Business Administration
                                                          409 Third Street, Seventh Floor
                                                          Washington, D.C. 20416
                                                          Telephone: (202) 205-6976
                                                          Facsimile: (202) 481-0324
                                                          Email: arlene.embrey@sba.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Complaint for Receivership and Consent Order made this __19th__ day of February 2015, by mailing a copy thereof by first class mail, postage prepaid to the following entities listed below:

New Market Growth Fund, LLC
NMGF Management Company, LLC
8161 Maple Lawn Boulevard
Fulton, Maryland 20759

                     /s/ Ashley.H. Hou
                     ASHLEY H. HOU